UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MEYERS DIVISION

"IN ADMIRALTY"

CASE NO.:

In the Matter of the Complaint for Exoneration from or Limitation of Liability by Mathorsi Business Corp., d/b/a Rainboat Boat Rentals, as owner of the 2018 23' Regal motorvessel, bearing Hull Identification No. RGMDC189B818,

Petitioner.
_____/

**COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA:

Comes now MATHORSI BUSINESS CORP., d/b/a Rainboat Boat Rentals, by and through undersigned counsel, (hereinafter "MATHORSI" or "PETITIONER"), and alleges:

1. This is a case of admiralty and maritime jurisdiction. Venue is appropriate in this district as the underlying incident occurred in Lee County, Florida.

2. The subject vessel is a 2018 23' Regal motorvessel, bearing Hull Identification No. RGMDC189B818, (hereinafter "the Vessel").

3. At all times material, PETITIONER was the owner of the Vessel.

4. At all times material, PETITIONER exercised due diligence to make and maintain the Vessel in all respects seaworthy; and all times material, she was in all respects seaworthy and

fit for the use in which she was engaged until the occurrence of the incident hereinafter described.

5.  PETITIONER has been put on notice of one or more potential claims against it arising out of an incident occurring on or about July 6, 2020 on the navigable waters near Cape Coral, Florida.

6.  On or about July 6, 2020, the Vessel was rented from PETITIONER by Betty Galbraith and Robert Galbraith.

7.  While the Vessel was under the exclusive care, custody and control of Betty and Robert Galbraith, there was an incident involving the anchor, causing bodily injury to at least one person aboard the Vessel (hereinafter "the incident").

8.  PETITIONER is entitled to seek relief under 46 U.S.C. 30505 et seq.

9.  No act or omission by PETITIONER contributed in any way to the cause of the incident.

10. The aforesaid injuries and damages were not caused or contributed to by any fault, negligence or lack of due care by PETITIONER or the Vessel.

11. The aforesaid injuries and damages were done, occasioned and incurred without the privity and knowledge of PETITIONER.

12. PETITIONER has received written notice of potential claims arising from this incident.

13. PETITIONER does not know the total dollar value of the claims that may be made resulting from the above-described accident. PETITIONER, however, anticipates, fears, and believes that lawsuits and claims will be asserted and prosecuted against it seeking amounts exceeding the total sum or sums for which PETITIONER may be legally responsible or may be

required to pay under the applicable statutes governing exoneration from or limitation of liability.

14. To PETITIONER's knowledge, as of the filing of this Complaint, the Vessel has not been attached or arrested.

15. There are no demands, unsatisfied claims of lien or liens against the Vessel arising out of the above-described incident, or any suit pending thereon, so far as known to PETITIONER, other than those set forth in this Complaint.

16. Upon information and belief, the entire aggregate amount of PETITIONER's interest in the vessel does not exceed the sum of $50,000.00, and there is no pending freight.

17. Subject to any appraisal of its interest upon reference, PETITIONER herewith deposits with the Court an Ad Interim Stipulation of Value and Stipulation of Costs, said sum being the value of PETITIONER's interest in the Vessel following the incident. Exhibit 1.

18. PETITIONER claims Exoneration from Liability for any and all damages, injuries and fatalities caused by the incident involving the vessel, and for any and all claims therefore. PETITIONER alleges that he has valid defenses thereto on the facts and on the law.

19. PETITIONER, without admitting but affirmatively denying all liability, claims the benefits of the Limitation of Liability provided for in 46 U.S.C. § 30505 et seq., and the various statutes supplemented thereto and amended thereof, and to that end deposits with the Court, as security for the benefit of claimants, the Ad Interim Stipulation of Value, with interest as aforesaid, with sufficient security, for the amount of value of its interest in the vessel, as provided by the applicable statutes, Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court.

20. If it later appears that PETITIONER may be liable and the amount or value of PETITIONER's interest in the vessel is not sufficient to pay all losses in full, then claimants shall share pro rata in the aforesaid sum, saving claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, or by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of this Honorable Court.

21. Pursuant to the provisions of Supplemental Rule F, this action is being filed within six (6) months of the first receipt of written claim by PETITIONER.

22. All and singular these premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

**WHEREFORE,** Petitioner Prays That:

(1) This Court issue an Order approving the above-described Stipulation of Value as security for the amount or value of PETITIONER's interest in the aforesaid Vessel until such time the Court causes due appraisement to be made of the amount of the value of PETITIONER's interest in the Vessel. A proposed Order approving the Stipulation of Value, directing issuance of notice and restraining suits is attached as <u>Exhibit 2</u>.

(2) This Court issues a Notice to all persons asserting claims with respect to which the Complaint seeks relief admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the PETITIONER a copy thereof on or before a date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, they shall file and serve on the attorneys for

PETITIONER an answer to the Complaint on or before the said date, unless their claim has included an answer, so designated.  A proposed Notice to Claimants is attached as <u>Exhibit 3</u>.

(3)   This Court enjoins the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against PETITIONER, as aforesaid, and/or against the Vessel or against any property of the PETITIONER except in this action, to recover damages for or in respect of any damages or injuries caused by or resulting from the aforesaid accident involving the Vessel, or otherwise done, occasioned or incurred as a result of the aforesaid accident involving the Vessel.

(4)   This Court adjudges that PETITIONER is not liable to any extent for any damages or injuries, or for any claim therefore in any way arising out of or resulting from the aforesaid accident, damages, or injuries, that were done, occasioned or incurred as a result of the aforesaid incident involving the Vessel.

(5)   This Court in this proceeding will adjudge that the PETITIONER is not liable to any extent for any damages or injuries, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident involving the Vessel, or if PETITIONER shall be adjudged liable, then that such liability be limited to the amount or value of PETITIONER's interest in the Vessel, as aforesaid, and that PETITIONER be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided pro rata according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging PETITIONER from all further liability.

(6) That PETITIONER may have such other, further or different relief as may be just.

Dated:   January 11, 2021.

*Respectfully submitted,*

s/Craig P. Liszt
**Jonathan W. Skipp**
Florida Bar No. 71050
jskipp@admiral-law.com
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
***Attorneys for Petitioner***